# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **REUBIN E. LACAZE, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-20-1281-G |
| | ) |
| **THE CITY OF OKLAHOMA CITY** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

On May 9, 2024, this Court noted the death of Barrett T. Bowers, who was counsel for Plaintiff Reubin E. Lacaze, Jr., and issued a stay of this matter pending one defendant's appeal. The Court additionally ordered Plaintiff to obtain new counsel within 60 days. *See* Order (Doc. No. 156). On August 28, 2024, the Court ordered Plaintiff to, within 21 days, obtain new counsel, file a written notice of his intention to proceed pro se, or show cause why the matter should not be dismissed. *See* Order (Doc. No. 157). Plaintiff did not comply with the Court's Orders or seek additional time to do so.

The Tenth Circuit Court of Appeals affirmed this Court's ruling on April 28, 2025, and issued its mandate on May 20, 2025. *See Lacaze v. Gourley*, No. 24-6075 (10th Cir.). Accordingly, on June 4, 2025, the Court ordered Plaintiff to show cause in writing, no later than June 18, 2025, why this action should not be dismissed for failure to comply with the Court's Orders and for failure to prosecute. *See* Order to Show Cause (Doc. No. 163) at 1. Personnel at the law firm of Plaintiff's late attorney were directed to notify Plaintiff of the

Order to Show Cause and its requirements. *See id.* at 2.[1]

Plaintiff has not responded to the Order to Show Cause, sought additional time to do so, or otherwise been in contact with the Court.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute this action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

## CONCLUSION

Accordingly, this action is DISMISSED without prejudice. A separate judgment shall be entered.

---

[1] The Clerk of Court transmitted a copy of the Order to Show Cause to that law firm by both email and postal mail. The copy sent by postal mail was returned to the Court as undeliverable, *see* Doc. No. 164.

IT IS SO ORDERED this 27th day of June, 2025.

*[signature]*

CHARLES B. GOODWIN
United States District Judge

3